## Fourth Department, February, 1963

### (February 21, 1963)

■ Anthony J. Fernicola et al., Respondents, v. Jacob Rudolph, Appellant.— Judgment insofar as appealed from and order unanimously reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: The interests of justice require reversal of the judgment and order appealed from and a new trial. The plaintiffs in this action are respectively the daughter and the son-in-law of defendant. The son-in-law acted as defendant's attorney in all the transactions pertinent to the litigation and prepared the legal instruments relevant thereto including the deed which plaintiffs seek by this action to have declared to be a mortgage. He was also defendant's attorney in all transactions pertinent to specific performance litigation prosecuted contemporaneously with this case. (See *Good* v. *Rudolph,* 18 A D 2d 958.) The summonses and complaints in this action and in the *Good* action were served on defendant on December 21, 1961 and December 22, 1961 respectively. The only attorney other than Fernicola who had theretofore performed services for defendant was Lawrence Tumposky. He represented defendant in both actions until February 1, 1962 when he moved for permission to withdraw as defendant's attorney in both cases because of his relationship with the attorney for the plaintiff in the *Good* case. Except for a brief period from February 13, 1962 to March 2, 1962, defendant was not thereafter represented by an attorney until his present attorney was retained on March 6, 1962. The trial in the *Good* case commenced nine days thereafter and the trial in this action started the following day despite his attorney's unsuccessful efforts to obtain sufficient time to prepare for trial of the actions. In the meantime, plaintiffs in this action and the plaintiff in the *Good* case, together with their attorneys worked closely together to prepare for trial. Their pretrial strategy was co-ordinated to force defendant on to trial at the earliest possible date. The cases were improperly placed on the calendar by notes of issue and statements of readiness which stated that no examinations before trial were required and that the cases were ready for trial and a preference was granted on insufficient grounds. It is obvious that the statement that examinations before trial were not required and that there had been a reasonable opportunity to complete them was incorrect. Defendant's motions made on March

958

6, 1962 to strike the actions from the calendar should have been granted but they remained undecided when the trials commenced. His motion to vacate the order of reference merited consideration but it was not decided. In that motion defendant showed by the affidavit of his former attorney that the entire proceedings were conducted in great haste and under considerable pressure from the attorneys for the plaintiffs in both actions to proceed to trial and that he had repeatedly advised the court that serious issues of fact were present in both actions and that valuable property interests were involved. The pressure for haste did not abate when the trial commenced but the Referee harassed defendant's attorney throughout the trial with nagging statements such as the following: " (A)re we just stringing this out along or is it a vital point here? * * * I don't see what you're driving at. * * * So what? * * * Well, we've gone all around the circle. * * * What do you want to ask him now? I'm not going to say for heaven's sake, but what you have to ask him now? * * * Mr. Tenney, let's stop being picayune about these things. Let's get down to the lawsuit. * * * As far as I'm concerned, I'm going to ignore it. * * * I'm trying to cut this thing short. We'll be here 'till doomsday. * * * Don't beat around the bush all the while. * * * * * * Let's stop dillydallying around there. We're wasting a lot of time." An attorney, subjected to such treatment from the court, is embarrassed and impeded in the presentation of the cause of his client. After the defendant and his attorneys had been forced to a precipitate trial on March 16, 1962 the need for haste disappeared. It was some two months thereafter that the report of the Referee was made and the decision of the trial court is dated June 22, 1962. Thereafter, the appeals wended their leisurely way to this court. According to Fernicola's testimony he was the borrower. He was the lender's lawyer. He drew the papers. A mortgage would have satisfied the wishes of all concerned if the transaction was as described by plaintiffs. The burden of proof was on the plaintiffs to overcome the presumption that the deed was what it purported to be, by clear, unequivocal and convincing evidence. There is serious doubt that their proof meets that standard. In these circumstances it was absolutely essential to the interests of justice that there should be a fair and impartial trial. We are of the opinion that the cumulative effect of the matters discussed leads to the conclusion that defendant was not accorded a fair trial to which he was entitled. The new trial should be before the court without a reference. (Appeal from judgment of Oneida Trial Term which declared a deed dated October 20, 1959 to be a mortgage. The order of Oneida Trial Term granted a preference and placed action at head of calendar for trial without a jury.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.